# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEITH DOUGHERTY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)   Case No. 15-cv-0582<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION

Pro se plaintiff Keith Dougherty ("Plaintiff"), who is a resident of Pennsylvania, has filed a lengthy complaint that recites block quotes from various court opinions in seriatim and appears to challenge the rulings of numerous judges assigned to various lawsuits that Plaintiff previously filed in federal and state courts in Pennsylvania and Maryland. (*See, e.g.*, Compl., ECF No. 1, ¶¶ VII.I.A–VII.I.D.32.) As far as this Court can discern, the gravamen of Plaintiff's complaint is his disagreement with the judges' determination that, as a non-lawyer, Plaintiff is prohibited from representing in court various entities that he has incorporated. (*See, e.g.*, *id.* ¶ III.1.) Plaintiff has named as defendants the United States; the Clerk of the United States Court of Appeals for the Third Circuit and the judges of that Court; the Chief Deputy of the United States District Court for the Middle District of Pennsylvania and three judges of that court; two judges of the United States District Court for the District of Maryland; various Pennsylvania state judicial officers; a Maryland state judicial officer; and a variety of

other individuals and companies. (*See id.* at 1–3.)[1]  Moreover, Plaintiff purports to sue

the judicial officer defendants (*i.e.*, the judges, court clerks, and other court staff) and

certain non-judicial defendants both in their official and personal capacities.

Before this Court at present are seven separate motions to dismiss the complaint

that various Defendant groups have filed.[2]  The Defendants' motions assert myriad and

overlapping bases for dismissal of Plaintiff's complaint, including lack of personal

jurisdiction, failure to state a plausible claim, sovereign immunity, Eleventh

Amendment immunity, improper venue, res judicata, statute of limitations, standing,

and failure to exhaust administrative remedies.  Having considered Plaintiff's

complaint, as well as Defendants' motions and Plaintiff's responses thereto, this Court

---

[1]  Page numbers herein refer to those that the Court's electronic case filing system automatically assigns.

[2]  These motions are as follows:

- Federal Defendants' Motion to Dismiss ("Fed. Defs.' Mot."), ECF No. 43 (filed by the United States, Chief Judge Theodore McKee, Judges Anthony Scirica, D. Brooks Smith, Michael Chagares, Kent Jordan, Thomas Vanaskie, Robert Cowen, Maryanne Trump Barry, D. Michael Fisher, Joseph A. Greenaway, Jr., William Caldwell, John E. Jones, III, J. Frederick Motz, and Deborah Chasanow, Chief Magistrate Judge Martin Carlson, Marsha Waldron, and Peter Welsh);

- State Judiciary Defendants' Motion to Dismiss Plaintiff's Complaint ("PA State Judiciary Defs.' Mot."), ECF No. 10 (filed by Defendants Judge Bruce Bratton, Judge Stephen Linebaugh, Judge Kevin Hess, Judge Thomas Placey, Jennifer Traxler, Pamela Lee, and Superior Court Unnamed Staff Attorneys);

- Motion to Dismiss of Defendants Stevens & Lee, P.C., Matthew W. Rappleye, & Tricia S. Lontz ("S&L Mot."), ECF No. 6 (collectively as the "S&L Defendants");

- Motion of Defendant Jonathan Snyder to Dismiss Complaint ("Snyder Mot."), ECF No. 17;

- Motion to Dismiss the Complaint of Plaintiff Keith Dougherty by Defendants Richard C. Daniels, Esquire and Daniels & Daniels LLC ("Daniels Mot."), ECF No. 20 (collectively, the "Daniels Defendants");

- Motion to Dismiss Complaint by Defendants JP Haddad and Cluck-U, Corp. ("Cluck-U Mot."), ECF No. 23 (collectively, the "Cluck-U Defendants"); and

- Motion to Dismiss Complaint or, in the Alternative, for Summary Judgment ("Geter Mot."), ECF No. 26 (filed by the Honorable Melanie M. Shaw Geter, a judge of the Circuit Court for Prince George's County, Maryland).

concludes that it must dismiss the instant complaint in its entirety for several reasons, which are explained further below.  In short, this Court finds that it lacks jurisdiction to entertain the claims for monetary damages that Plaintiff makes against the United States and the judicial officer defendants in their official capacity—due to sovereign immunity with respect to the federal defendants and the Eleventh Amendment with respect to the state defendants—and the Court further finds that it does not have personal jurisdiction over the S&L Defendants, Snyder, or any of the judicial officer defendants in their individual capacities.  The Court also concludes that Plaintiff has failed to state any plausible claim for monetary relief against any of the other defendants named in the complaint, and to the extent that Plaintiff is seeking injunctive relief with respect to the claims he has made against any of the defendants, the Court finds that Plaintiff has failed to state any claim that would entitle him to such relief.  Consequently, the seven pending motions to dismiss will be **GRANTED** to varying degrees and Plaintiff's entire complaint will be **DISMISSED**.  Moreover, although the Court will refrain from issuing a pre-filing injunction at this time, it will caution Plaintiff against seeking to continue his litigation crusade by filing additional actions in this Court arising from these same matters.

A separate order consistent with this opinion will follow.

## I.      BACKGROUND

The story underlying the instant lawsuit appears to begin in 2007, when, according to Plaintiff, defendant Snyder issued a "retaliatory Stop Work Order" related to construction work that Plaintiff was performing on a building in Pennsylvania. (Compl. ¶ VII.D.2.)  Plaintiff responded to this stop work order by filing a lawsuit in

Pennsylvania state court—a lawsuit that was ultimately dismissed, and the dismissal of the action was eventually affirmed on appeal. *See Dougherty v. Snyder*, No. 1200 C.D. 2009, 2009 WL 9108133, at *1–3 (Pa. Commw. Ct. Jan. 29, 2009) (summarizing Plaintiff's litigation history in Pennsylvania state courts). In the years that followed, Plaintiff filed several lawsuits in state and federal courts relating to the dismissal of his first complaint and Snyder's issuance of the stop work order (collectively, the "*Snyder* Litigation"), each of which was unsuccessful. *See id.*; *In re Dougherty*, 563 F. App'x 96, 97 (3d Cir. 2014) (per curiam) (recounting history of Plaintiff's federal court litigation); *see also In re Dougherty*, 563 F. App'x at 97, 98 n.3 (describing Plaintiff as "a frequent and frequently vexatious litigator [who] has filed petitions for writs of mandamus relying largely on arguments we already have rejected in other cases[,]" and describing the various complaints as "largely unintelligible"); *see, e.g.*, *Best v. U.S. Foods, Inc.*, No. 14-00922 (M.D. Pa. 2014) (tort action that Plaintiff brought against Judges Bratton and Hess arising from decisions those judges made in another matter Plaintiff had filed).

Apparently, in the course of the *Snyder* Litigation, Plaintiff unsuccessfully sought "to assert claims pro se on behalf of his single-member Pennsylvania limited liability company, Docson Consulting LLC" ("Docson Consulting"). *Dougherty v. Snyder*, 469 F. App'x 71, 72 (3d Cir. 2012) (per curiam). Contemporaneously with pursing the *Snyder* Litigation, Plaintiff also sought, and was denied, the ability to represent Docson Consulting in other lawsuits. *See, e.g.*, *Cluck-U, Corp. v. C.U.C. of Md., Inc.*, No. 10cv2105, 2010 WL 3516937, at *2 (D. Md. Sept. 7, 2010) (remanding to state court a case that Plaintiff had removed on behalf of Docson Consulting, where

notice of removal was defective because Plaintiff could not represent Docson

Consulting); *see also In re Dougherty*, 408 F. App'x 692, 692 (4th Cir. 2011) (per

curiam) (declining to grant mandamus relief to allow Plaintiff to represent the interests

of his company in the Cluck-U matter).

Plaintiff filed the instant complaint on April 15, 2015.  Although it is difficult to

ascertain the legal bases for Plaintiff's allegations, the complaint makes a series of

references to various of legal standards.  For example, Plaintiff asserts that the actions

of the judicial defendants that he names in the instant complaint evince "a pattern of

RICO corruption by local custom in violation of 'due process due[.]'"  (Compl.

¶ I.A.2.)  Plaintiff also maintains that "[t]he 3rd and 4th Cir have/has become a RICO

enterprise 'whereby the Chief of the Circuit' uses 'mob tactics' to enforce 'Simbraw [or

LR 101(a)] as the Prime Directive' denying 'due process due' [as a retaliation] for all

'closely held for profit entities and owners' [who attempt to appear 'personally'][.]"

(*Id.* ¶ IV.A (second through fourth brackets in original).)[3]  And Plaintiff generally

purports to bring certain claims against different subclasses of defendants—*i.e.*, *Bivens*

claims against "Chief McKee and the Clerks, Judges and Lawyers" of the Third Circuit

(*id.* ¶ I.A.2 (referring to *Bivens v. Six Unknown Named Agents of the Federal Bureau of

Narcotics*, 403 U.S. 388 (1971)); a Federal Tort Claims Act ("FTCA") claim against the

United States, *see* 28 U.S.C. §§ 2671–820 (*id.*); a *Monell* claim against the "Superior

Court Staff Attorneys" and the State Court Judges, staff, and attorneys (*id.* (appearing

to reference *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658 (1978)));

---

[3] Plaintiff appears to be referencing *Simbraw, Inc. v. United States*, 367 F.2d 373 (3d Cir. 1966), in
which the Third Circuit held that a corporation cannot proceed pro se in litigation, and instead must
retain an attorney.  *Id.* at 374.

and a "defamation suit" against unspecified defendants (*id.* ¶ I.B).  With respect to the remedy sought, Plaintiff asks this Court to "'invalidat[e] . . . Simbraw' 367 F.2d 373 (3rd Cir. 1966) on constitutional and statutory grounds" (*id.* ¶ I.A), and to issue a preliminary injunction that, in effect, would void all judgments of the Third Circuit that rely on the *Simbraw* decision and "'compel the 3rd Cir[cuit] to produce a Rule in compliance with both 28 USC § 46(b) and 28 USC § 2077'" (*id.* at 31).

Seven groups of defendants have moved to dismiss Plaintiff's complaint, each asserting a number of arguments in support of dismissal, many of which overlap.  (*See, e.g.*, Fed. Defs.' Mot. at 6 (sovereign immunity, personal jurisdiction, failure to state a plausible claim, judicial immunity, venue, statute of limitations, and failure to exhaust FTCA remedies); PA State Judiciary Defs.' Mot. at 1–2 (Eleventh Amendment immunity, personal jurisdiction, failure to plead a plausible claim, judicial immunity, res judicata, and statute of limitations); Geter Mot. at 1–2 (Eleventh Amendment immunity, personal jurisdiction, failure to state a plausible claim, judicial immunity, statute of limitations, and *Rooker-Feldman* doctrine[4]); S&L Mot. at 1 (personal jurisdiction and failure to plead a plausible claim); Mem. in Supp. of Snyder Mot., ECF No. 17-1, at 1, 2–6 (personal jurisdiction, failure to plead a plausible claim, res judicata, and statute of limitations); Daniels Mot. at 1–2 (failure to state a plausible claim, res judicata, lack of standing, and *Rooker-Feldman* doctrine); Mem. in Supp. of Cluck-U Mot., ECF No. 23-1, at 2–3 (failure to state a plausible claim and res

---

[4] Under the *Rooker-Feldman* doctrine, a federal court does not have subject matter jurisdiction over cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] district court proceedings commenced and inviting [federal] district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

judicata).)  In addition, some of the defendants have asked the Court to impose a pre-filing injunction against Plaintiff, barring him from initiating future actions in this Court without first obtaining leave to file.  (*See* Fed. Defs.' Mot. at 31; PA State Judiciary Defs.' Mot. at 2.)  In addition to filing oppositions to the motions to dismiss, Plaintiff has also filed a follow-on motion for a preliminary injunction that seeks the same injunctive relief that he requests in his complaint, and two motions for leave to amend his complaint.  (*See* Pl.'s Mot. for Prelim. Inj., ECF No. 4; Mots. to Amend Caption and or File an Am. Compl., ECF Nos. 11, 32.)  Each of these motions is now ripe for consideration.

## II.   LEGAL STANDARDS

### A.   Motions To Dismiss For Lack Of Subject Matter Jurisdiction Under Rule 12(b)(1)

A motion to dismiss based on sovereign immunity or Eleventh Amendment immunity is evaluated under Federal Rule of Civil Procedure 12(b)(1) as a motion to dismiss for lack of subject matter jurisdiction.  It is clear beyond cavil that the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Halcomb v. Office of the Senate Sergeant-at-Arms of the U.S. Senate*, 209 F. Supp. 2d 175, 176 (D.D.C. 2002).  Indeed, when it comes to Rule 12(b)(1), it is "'presumed that a cause lies outside [the federal courts'] limited jurisdiction,' unless the plaintiff establishes by a preponderance of the evidence that the Court possesses jurisdiction[.]"  *Muhammad v. FDIC*, 751 F. Supp. 2d 114, 118 (D.D.C. 2010) (first alteration in original) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

"When a defendant files a motion to dismiss under Rule 12(b)(1) and Rule 12(b)(6), this Circuit has held that the court must first examine the Rule 12(b)(1) challenges . . . because if it must dismiss the complaint for lack of subject[-]matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined[.]" *Schmidt v. U.S. Capitol Police Bd.*, 826 F. Supp. 2d 59, 64 (D.D.C. 2011) (first alteration in original) (citations omitted); *see also Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction." (citation omitted)).  Moreover, "the court must scrutinize the plaintiff's allegations more closely when considering a motion to dismiss pursuant to Rule 12(b)(1) than it would under . . . Rule 12(b)(6)." *Schmidt*, 826 F. Supp. 2d at 65 (citing *Macharia v. United States*, 334 F.3d 61, 64, 69 (D.C. Cir. 2003)).  Still, the court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff, *Brown v. District of Columbia*, 514 F.3d 1279, 1283 (D.C. Cir. 2008), but it need not "accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations[,]" *Rann v. Chao*, 154 F. Supp. 2d 61, 64 (D.D.C. 2001).

### B.   Motions To Dismiss For Lack Of Personal Jurisdiction And Insufficient Service Of Process Under Rules 12(b)(2) Or (b)(5)

"Until the court has established personal jurisdiction [over a party], any assertion of judicial power over the party violates due process." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 706 (1982).  However, unlike subject-matter jurisdiction, the defense of lack of personal jurisdiction is waived if not raised, *see Jankovic v. Int'l Crisis Grp.*, 494 F.3d 1080, 1086 (D.C. Cir. 2007), and a

court is authorized to dismiss a complaint for lack of personal jurisdiction (when raised) without first assessing whether subject-matter jurisdiction exists, *id*. at 1086.

To evaluate a contention that this Court lacks personal jurisdiction over a defendant in a case before it, the Court must analyze whether District of Columbia law permits the exercise of either general jurisdiction or specific jurisdiction over the defendant, *see United States v. Ferrara*, 54 F.3d 825, 828 (D.C. Cir. 1995)—an evaluation that is based primarily on an assessment of the individual defendant's degree of contact with the District, *see* D.C. Code §§ 13-422, 13-423; *see, e.g.*, *Turner v. Abbott*, 53 F. Supp. 3d 61, 66–67 (D.D.C. 2014) (finding no personal jurisdiction where defendant was not domiciled in the District, and where the complaint alleged no facts connecting defendant to the District).  Notably, federal employees are not subject to suit in the District of Columbia based merely on the fact that their employing agency is headquartered in this jurisdiction or maintains offices here.  *Akers v. Watts*, 740 F.Supp.2d 83, 92 (D.D.C. 2010).  Rather, "[p]ersonal jurisdiction over the employees or officers of a corporation in their individual capacities must be based on their personal contacts with the forum and not their acts and contacts carried out solely in a corporate capacity."  *Wiggins v. Equifax*, 853 F. Supp. 500, 503 (D.D.C. 1994); *see also Stafford v. Briggs*, 444 U.S. 527, 543–45 (1980) (a court may not exercise personal jurisdiction over a federal officer in his individual capacity without minimum contacts other than those arising from federal employment).  Additionally, with respect to an individual capacity suit against a federal employee, the plaintiff must serve the defendant personally in accordance with the service requirements of the Federal Rule of Civil

Procedure 4; service on the government does not suffice.  *See, e.g.*, *Lawrence v. Acree*, 79 F.R.D. 669, 670 (D.D.C. 1978).

When a defendant seeks dismissal of a complaint on the grounds that the Court lacks personal jurisdiction, the plaintiff ultimately bears the burden of establishing that the Court's exercise of jurisdiction is proper.  *See GTE New Media Servs., Inc. v. Ameritech Corp.*, 21 F. Supp. 2d 27, 36 (D.D.C. 1998).  The plaintiff "must demonstrate that each defendant is subject to personal jurisdiction in the forum[,]" *Alkanani v. Aegis Def. Servs.*, LLC, 976 F. Supp. 2d 13, 22 (D.D.C. 2014) (citation omitted), and the court need not accept all of the plaintiff's factual allegations as true in making the personal jurisdiction assessment, *see id.*  Furthermore, the court is fully authorized to consider "materials outside of the pleadings, including declarations and evidence produced during the course of jurisdictional discovery," *id.*; however, the court can also dismiss a complaint for lack of personal jurisdiction without permitting the plaintiff to take discovery or holding an evidentiary hearing, on the grounds that the plaintiff failed to allege specific facts that connect the defendant with the forum state, *see FC Inv. Grp. LC v. IFX Markets, Ltd.*, 529 F.3d 1087, 1094 (D.C. Cir. 2008).

### C.  Motions To Dismiss For Failure To State A Plausible Claim Under Rule 12(b)(6)

Even if a plaintiff successfully mounts a jurisdictional bar to the advancement of his complaint, Federal Rule of Civil Procedure 12(b)(6) provides that the defendant may move to dismiss the complaint on the grounds that it "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion, a complaint must comply with Rule 8, which requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R.

Civ. P. 8(a)(2); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (explaining that this requirement is meant to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]") (citation omitted). "Although 'detailed factual allegations' are not necessary to withstand a Rule 12(b)(6) motion to dismiss for failure to state a claim, a plaintiff must furnish 'more than labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Busby v. Capital One, N.A.*, 932 F. Supp. 2d 114, 133 (D.D.C. 2013) (quoting *Twombly*, 550 U.S. at 555). In other words, the plaintiff must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This means that "mere conclusory statements" of misconduct are not enough to make out a cause of action against a defendant. *Id.* Rather, a complaint must contain sufficient factual allegations that, if true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he court must view the complaint in a light most favorable to the plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations." *Busby*, 932 F. Supp. 2d at 134 (citation omitted). Although the court must accept as true the facts in the complaint, it need not accept the inferences that the plaintiff draws if the facts set out in the complaint do not support such inferences. *See Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Nor is the court "bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (citation omitted).

### D.     Application Of The Pleading Rules To Pro Se Parties

Finally, when applying the legal framework discussed above to evaluate the pending motions to dismiss, this Court must be mindful of the fact that Plaintiff is proceeding in this matter pro se.  It is well established that the pleadings of pro se parties are to be "liberally construed" and that a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (emphasis in original) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, it is also quite clear "[t]his benefit is not . . . a license to ignore the Federal Rules of Civil Procedure." *Sturdza v. United Arab Emirates*, 658 F. Supp. 2d 135, 137 (D.D.C. 2009) (citation omitted); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993).

Thus, even a pro se plaintiff must meet his burden of proving subject matter jurisdiction if his complaint is to survive a Rule 12(b)(1) motion to dismiss.  *See, e.g.*, *Green v. Stuyvesant*, 505 F. Supp. 2d 176, 177 (D.D.C. 2007) (dismissing complaint where pro se plaintiff failed to prove subject matter jurisdiction).  Likewise, although a pro se complaint "must be construed liberally, the complaint must still present a claim on which the Court can grant relief[.]" *Budik v. Dartmouth-Hitchcock Med. Ctr.*, 937 F. Supp. 2d 5, 11 (D.D.C. 2013) (citation omitted); *see also Moore v. Motz*, 437 F. Supp. 2d 88, 90 (D.D.C. 2006) (noting that "[e]ven a pro se plaintiff's inferences . . . need not be accepted" if they "are unsupported by the facts set out in the complaint" (citation omitted)); *see also Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981) (noting that a pro se complaint must state a claim upon which relief can be granted).

## III.   ANALYSIS

The seven motions to dismiss the complaint that are pending in this matter make a variety of arguments in support of dismissal, to wit:  immunity, lack of personal jurisdiction, failure to state a plausible claim, improper venue, res judicata, the statute of limitations, lack of standing, and failure to exhaust.  Plaintiff's opposition to these motions is largely incoherent, because it primarily consists of unexplained quotes from various inapposite cases and disjointed statements regarding legal theories that Plaintiff apparently believes are related to an alleged overarching judicial conspiracy against him.  Although Plaintiff's complaint might well be subject to dismissal simply and solely because the claims asserted therein appear to be "so patently insubstantial that no federal question suitable for decision can be discerned[,]" *Hu v. Dep't of Def.*, No. 12cv1640, 2013 WL 1968497, at *1 (D.D.C. May 13, 2013), *aff'd sub nom.*, *Hu v. U.S. Dep't of Def.*, No. 13-5157, 2013 WL 6801189 (D.C. Cir. Dec. 11, 2013), each of the defendants in this matter—save one—has briefed several other issues related to this Court's jurisdiction and the merits of Plaintiff's claims, and, as a result, this Court has proceeded to evaluate the myriad legal contentions that Defendants have put forward in support of their motions to dismiss.[5]

As explained further below, this Court concludes that Plaintiff's entire complaint must be dismissed because (1) sovereign immunity and the Eleventh Amendment bar Plaintiff's claims for monetary damages brought against the United States and the

---

[5]  The one defendant who has not submitted any motion to dismiss appears in the caption of Plaintiff's complaint by the name "NHT" and is never mentioned again.  In light of this silence, this Court will dismiss the complaint against NHT *sua sponte*, for failure to state a claim.  *See Perry v. Discover Bank*, 514 F. Supp. 2d 94, 95 (D.D.C. 2007) (courts may dismiss a complaint *sua sponte* where there is simply "no factual or legal basis for alleged wrongdoing by defendant[]").

judicial officer defendants in their official capacities; (2) the Court lacks personal jurisdiction over the S&L Defendants, Snyder, and all of the judicial officer defendants in their individual capacities; (3) Plaintiff has failed to state a plausible claim against the Daniels and Cluck-U Defendants; and (4) there is no cause of action for the injunctive relief that Plaintiff seeks.

A.   **This Court Does Not Have Jurisdiction To Consider Plaintiff's Claims For Monetary Damages Against The United States And The Judicial Officer Defendants In Their Official Capacities**

1.   Sovereign Immunity Bars Plaintiff's Claims For Monetary Damages Against The United States And Its Officers

Plaintiff has brought suit seeking monetary damages against the United States and several judges and employees of federal courts in the Third and Fourth Circuits in their official capacities, alleging that these defendants are part of a conspiracy to deny him "equal access and equal protection" and "due process due" in connection with cases that Plaintiff has litigated in those courts.  (Compl. ¶¶ III.1, IV.C.)  In the memorandum that accompanies their motion to dismiss, the federal defendants argue that the doctrine of sovereign immunity—which bars any suit for damages against the United States or its employees sued in their official capacities in the absence of express Congressional authorization—compels dismissal of these constitutional claims for lack of jurisdiction. (Fed. Defs.' Mot. at 13 (arguing that "the United States has not waived its sovereign immunity for damages for alleged constitutional violations").)

This Court agrees.  For starters, "[i]t is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *see also FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Sovereign immunity is jurisdictional in nature.").

Moreover, it is clear beyond cavil that a suit against a government employee in his official capacity qualifies as a suit against the government. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Brandon v. Holt*, 469 U.S. 464, 472–73 (1985); *Cornish v. United States*, 885 F. Supp. 2d 198, 205 (D.D.C. 2012). Thus, Plaintiff's claims for monetary damages against the United States and the federal judicial officers acting in their official capacity can only survive upon a showing that there has been an applicable waiver of the sovereign immunity bar. *See Meyer*, 510 U.S. at 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *Cornish*, 885 F. Supp. 2d at 205 (same).

Plaintiff has not pointed to any such waiver of sovereign immunity, and this means that he has failed to carry his burden with respect to establishing that this Court has subject-matter jurisdiction. In other words, even construing the complaint's claims liberally, the Court agrees with these defendants that Plaintiff's claims for monetary damages fall within the broad ambit of the sovereign immunity doctrine and that Plaintiff has failed to demonstrate that there has been an express Congressional waiver of sovereign immunity for such claims. *See Tri-State Hosp. Supply Corp. v. United States*, 341 F.3d 571, 575 (D.C. Cir. 2003). Accordingly, Plaintiff's claims against the United States, as well as the official capacity claims that he has brought against individual federal judicial officers, must be dismissed for lack of subject-matter jurisdiction.

 2. <u>The Eleventh Amendment Bars Plaintiff's Claims For Monetary Damages Against State Judicial Officers Acting In Their Official Capacity</u>

Plaintiff has also brought claims for monetary damages against various Maryland and Pennsylvania judicial officer defendants in their official capacity—Plaintiff

maintains that these defendants are part of the same overarching conspiracy to deprive him of his constitutional rights. (*See, e.g.*, Compl. ¶ III.1.) As with the claims for monetary damages against the federal judicial officers discussed above, Plaintiff's official capacity claims against the state judicial officers qualify as claims against the states of Maryland and Pennsylvania themselves, *see Hafer v. Melo*, 502 U.S. 21, 26 (1991); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (a suit brought against a state official "is no different from a suit against the State itself[]"), and the state judicial defendants have moved to dismiss these claims arguing that the Eleventh Amendment bars any such claims against the states (*see* PA State Judicial Defs.' Mot. at 9–11; Mem. in Supp. of Geter Mot., ECF No. 26-1, at 7–9).

Once again, it is clear that these damages claims are barred on immunity grounds. The Eleventh Amendment "grants a [S]tate immunity from suit in federal court by its own citizens." *Kent v. N.C. Dep't of Revenue*, 716 F. Supp. 2d 3, 5 (D.D.C. 2010) (citations omitted); *see also* U.S. Const. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State[.]"); *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001) (Eleventh Amendment bars private citizens suing nonconsenting states in federal court). Where a plaintiff seeks monetary damages from a State, there are only two exceptions to the Eleventh Amendment immunity bar—(1) abrogation of immunity by Congress through the enactment of a federal statute, and (2) waiver of immunity by the State, *Kent*, 716 F. Supp. 2d at 5–6—and the state judicial officer defendants are correct to contend that neither exception applies in the instant case. That is, Congress has not abrogated

Eleventh Amendment immunity for Plaintiff's claims for monetary damages, *see Edelman v. Jordan*, 415 U.S. 651, 676–77 (1974), and Plaintiff further fails to establish that either Maryland or Pennsylvania has waived its immunity for his claims for monetary damages, *see* Md. Code Ann., State Gov't § 12-104 (waiving sovereign immunity only for certain tort actions brought in Maryland state court); 42 Pa. Const. Stat. § 8521 ("Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States.").  Therefore, the official capacity claims for monetary damages that Plaintiff asserts against the state judicial defendants must be dismissed.

> **B.     Plaintiff Cannot Bring Individual Capacity Lawsuits Against The Judicial Officer Defendants, Nor Can He Sue The S&L Defendants and Snyder, Because The Court Lacks Personal Jurisdiction Over These Defendants**

Having dismissed Plaintiff's claims for monetary damages brought against the United States and the various federal and state judicial officers acting in their official capacity, this Court turns to address the claims for monetary damages that Plaintiff brings against the judicial officer defendants in their *individual* capacity, as well as his damages claims brought against private entities.  Certain defendants—*i.e.*, all of the federal and state judicial officer defendants (including Geter), the S&L Defendants, and Snyder—have argued that Plaintiff's claims against them should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2) for lack of either general or specific personal jurisdiction.  (*See* Fed. Defs.' Mot. at 16–17 (arguing that this Court cannot exercise personal jurisdiction over the federal judicial officers because Plaintiff has not alleged any facts individually connecting them to the District of Columbia); PA State Judicial Defs.'

Mot. at 12–13 (arguing that Plaintiff has failed to meet his burden to establish personal jurisdiction because his complaint states no facts connecting the Pennsylvania judicial officers with the District of Columbia); Mem in Supp. of Geter Mot. at 5–7 (arguing that this Court does not have personal jurisdiction over Judge Geter because Plaintiff's complaint does not establish any connection between her and this jurisdiction); S&L Mot. at 4–6 (arguing that Plaintiff's complaint fails to establish either specific or general jurisdiction over the S&L Defendants); Mem in Supp. of Snyder Mot. at 2–4 (arguing that Plaintiff has failed to state any facts in his complaint that would permit this Court to exercise personal jurisdiction over Snyder).)

This Court finds that the pending motions to dismiss for lack of personal jurisdiction are well-founded.  "The plaintiff has the burden of establishing a factual basis for the exercise of personal jurisdiction over the defendant." *Crane v. New York Zoological Soc'y*, 894 F.2d 454, 456 (D.C. Cir. 1990).  The Court may exercise general jurisdiction over a defendant under the District's long arm statute if that defendant that is "domiciled in, organized under the laws of, or maintain[s] his or its principal place of business in, the District of Columbia[.]"  D.C. Code § 13-422 (2015); *see also Segelstrom v. Citibank, N.A.*, 76 F. Supp. 3d 1, 11 (D.D.C. 2014) (for a court to exercise general jurisdiction, the defendant must have "continuous and systematic" contact with the forum state).  In the absence of such contacts, this Court may exercise specific jurisdiction over a defendant if (1) a provision of the District's long arm statute authorizes jurisdiction, and (2) the exercise of jurisdiction "accords with the demands of due process." *Ferrara*, 54 F.3d at 828; *see also* D.C. Code § 13-423 (2015).  Furthermore, in order for a court to exercise either general or specific personal

jurisdiction over a defendant, the plaintiff must either serve the defendant with process or secure a waiver of service.  *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); Fed. R. Civ. P. 4(c)–(d).

Here, Plaintiff has failed to articulate—either in his complaint or his response to their motions—a single fact that establishes any connection between these defendants and the District of Columbia.  As such, this Court can assert neither general nor specific jurisdiction over these defendants.  *See* D.C. CODE §§ 13-422, 13-423; *see also Ferrara*, 54 F.3d at 828–31 (district court correctly found that it could not assert personal jurisdiction over defendant who lacked sufficient contacts with District of Columbia to satisfy due process requirements).  In addition, this Court finds that it cannot assert personal jurisdiction over any of the federal judicial officer defendants with respect to the individual capacity claims that Plaintiff asserts because Plaintiff has not met his burden of establishing that these defendants have been properly served. (*See* Fed. Defs.' Mem. at 14–16); *see also Reuber v. United States*, 787 F.2d 599, 599 (D.C. Cir. 1986) (per curiam) ("[O]nce a defendant timely asserts the absence of personal jurisdiction, the plaintiff has the burden to prove that jurisdiction is properly exercised.").

Accordingly, this Court will dismiss Plaintiff's claims for money damages against the defendants who have asserted that this Court lacks personal jurisdiction over them—*i.e.,* the federal and state judicial officer defendants in their individual capacities, the S&L Defendants, and Snyder.

**C.    Plaintiff Fails To State A Plausible Damages Claim Against The Remaining Defendants, And No Cause Of Action Exists For The Injunctive Relief That Plaintiff Seeks**

What remains at this point in the Court's analysis of Plaintiff's claims and the various defendants' asserted grounds for dismissal of the instant complaint is Plaintiff's damages claims against the Daniels and Cluck-U Defendants, and also Plaintiff's request for injunctive relief.  With respect to the former, the Daniels and Cluck-U Defendants argue that the complaint is devoid of any facts that give rise to a plausible claim for relief against them (*see* Mem. in Supp. of Daniels Mot., ECF No. 20-1, at 8–9; Mem. in Supp. of Cluck-U Mot. at 2); *see also Twombly*, 550 U.S. at 570 (explaining that a complaint must contain sufficient factual allegations that, if true, "state a claim to relief that is plausible on its face"), and this Court agrees that Plaintiff's complaint fails to state a plausible claim against any of these movants.  Indeed, with respect to the Daniels Defendants and one of the Cluck-U Defendants (JP Haddad), Plaintiff does nothing more than include their names in the caption.  *See James v. United States*, 48 F. Supp. 3d 58, 65 (D.D.C. 2014) (dismissing claim against defendant for failure to state a plausible claim under *Twombly* where the only mention of defendant was in the caption of the complaint).

As for Cluck-U itself, Plaintiff mentions that entity only once in the text of the complaint, stating that, "As of 10/7/2011 The Clerk intervened and 'stayed all briefing' assigning 11-2631 to the Panel of Scirica, Smith and Chagares, who were already reviewing (an unrelated case) Cluck U v. Docson Consulting LLC[.]"  (Compl. ¶ VII.I.D.21.)  This Court cannot discern any grounds for the legal claim that Plaintiff apparently intends to bring against Cluck-U based on this bald statement alone, and, as noted, this statement is all that the complaint says about Cluck-U.  Thus, just as with

the Daniels Defendants, Plaintiff has clearly fallen well short of stating any plausible

claim against the Cluck-U Defendants in this matter.  *See Iqbal*, 556 U.S. at 678.

With respect to Plaintiff's request for injunctive relief, the instant complaint asks

this Court to (1) "vacate all '3rd Cir Judgments as void' under Marshal v. Jerrico for

'appearance sake' [and to disqualify the Clerks, Judges, Panels and remand (for

procedures consistent with the constitution)];" and (2) "compel the 3rd Cir to produce a

Rule in compliance with both 28 USC § 46(b) and 28 USC § 2077" (Compl. ¶ I.C; *id.* at

31 (brackets in original); *see also* Pl.'s Br. in Supp. of Prelim. Inj., ECF No. 4, at 1

(requesting an injunction requiring "the Clerk of the Middle District of PA [t]o 'abide

by the clerk's Manual'").)  The motion to dismiss that was submitted on behalf of the

federal defendants asserts that Plaintiff's request must be dismissed on the grounds that

Plaintiff "has not demonstrated any semblance of merit to his claim[,]" (Fed. Defs.'

Mot. at 30–31)—and this argument is undoubtedly correct.  Put simply, there is no

cause of action that would allow this Court to vacate judgments of the Third Circuit, or

to order that that Court either adopt a particular local rule or otherwise take any specific

actions regarding its handling of cases, and, on that basis alone, Plaintiff's claims for

such injunctive relief must be dismissed.  *See John Doe v. Metro. Police Dep't of D.C.*,

445 F.3d 460, 466 (D.C. Cir. 2006) (affirming dismissal of plaintiff's claims under Rule

12(b)(6) where no cause of action existed); *Sabre Int'l Sec. v. Torres Advanced Enter.

Sols.*, 60 F. Supp. 3d 36, 42 (D.D.C. 2014) (dismissing plaintiff's claims under Rule

12(b)(6) where no cause of action existed).

Accordingly, this Court will dismiss those portions of Plaintiff's complaint that

remain after its prior jurisdictional analysis—*i.e.*, the claims that seek monetary

damages from the Daniels and Cluck-U Defendants, and Plaintiff's claims for injunctive relief.

### D.     A Pre-Filing Injunction Is Not Warranted At This Time.

Finally, to the extent that certain defendants' have requested that this Court issue an injunction barring Plaintiff from filing future pro se actions without leave of Court (*see* Fed. Defs.' Mem. at 35–36; PA State Judiciary Defs.' Mot. at 17–18), this Court will decline to do so—at least for now.  There is no doubt that "a court may employ injunctive remedies" such as filing restrictions "to protect the integrity of courts and the orderly and expeditious administration of justice."  *Kaempfer v. Brown*, 872 F.2d 496, 496 (D.C. Cir. 1989) (quoting *Urban v. United Nations*, 768 F.2d 1497, 1500 (D.C. Cir. 1985)).  But a court's power to issue a pre-filing injunction must be exercised cautiously, so that any restrictions imposed to protect institutional interests do not "unduly impair a litigant's right of access to the courts."  *In re Powell*, 851 F.2d 427, 430 (D.C. Cir. 1988) (citing *Urban*, 768 F.2d at 1500); *see also id.* at 431 (pre-filing injunctions "should remain very much the exception to the general rule of free access to the courts, and the use of such measures against" pro se plaintiffs "should be approached with particular caution[]" (citation omitted)).  Given these concerns, judges in this district ordinarily follow three steps prior to issuing pre-filing injunctions: "first, notice and the opportunity to be heard are provided; second, the court develops a record for review that considers both the number and content of the plaintiff's filings; and third, the court makes substantive findings as to the frivolous or harassing nature of the litigant's actions."  *Smith v. Scalia*, 44 F. Supp. 2d 28, 46 (D.D.C. 2014) (citations omitted).

This Court has considered these factors with respect to the instant request, and has determined that a pre-filing injunction is not warranted at this time.  In so ruling, the Court notes that this is the first action that Plaintiff has filed in this jurisdiction, and while the Third Circuit has characterized Plaintiff as a "vexatious litigator" and threatened him with sanctions for his conduct before that Court, *Dougherty v. Carlisle Transp. Prods., Inc.*, 563 F. App'x 96, 97 (3d Cir. 2014) (per curiam), *cert. denied*, 135 S. Ct. 409 (2014), there is no indication in the record before this Court that *any* court (including the Third Circuit) has previously enjoined Plaintiff from filing future actions.  That said, like the Third Circuit before it, this Court will caution Plaintiff that any future filings in this Court relating to the subject matter of the instant complaint may subject him to sanctions or a future pre-filing injunction.

## IV.   CONCLUSION

Plaintiff's complaint must be dismissed in its entirety for several reasons, including sovereign immunity, the Eleventh Amendment, this Court's lack of personal jurisdiction over certain defendants, and Plaintiff's failure to state a claim or to otherwise establish that he has any cause of action arising from the facts that appear to underlie his legal claims.  These defects are generally incurable, and in any event, the amendments to the complaint that Plaintiff has now proposed in response to defendants' motions do not, in fact, correct the flaws identified in this decision.  Accordingly, as set forth in the accompanying order, the Defendants' motions to dismiss the complaint are

**GRANTED**[6]; moreover, Plaintiff's motions for a preliminary injunction and for leave to amend the complaint are **DENIED**.

A separate Order accompanies this Memorandum Opinion.

Date:  January 19, 2016                    *Ketanji Brown Jackson*
                                           KETANJI BROWN JACKSON
                                           United States District Judge

---

[6] Because the Court is granting Defendants' motions and dismissing Plaintiff's complaint in its entirety on the particular grounds analyzed in this opinion, it declines to consider the additional arguments in support of dismissal that defendants raise in their motions to dismiss.